**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00984-GPG

ROBERT McALLISTER,
GERALD RISING JR.,
DR. ARUN SHARMA, and
THOMAS RAPKE, Individual Plaintiffs and Class Representatives,

    Plaintiffs,

v.

M.A. STANCIL, BOP FCI Warden,
R. DERR FLORENCE PRISON CAMP UNIT MANAGER, and
FEDERAL BUREAU OF PRISONS,

    Defendants.

**ORDER**

    On May 7, 2015, Plaintiffs, federal prisoners housed in the State of Colorado, submitted a Complaint pursuant to 28 U.S.C. § 2255, four Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, a separate Motion and Affidavit to Proceed Pursuant to 28 U.S.C. § 1915 that requests to deduct $25 from each Plaintiff's account each month until $400 filing fee is paid in full, and a Motion for Issuance of a Preliminary Injunction Pursuant to Rule 65 F.R.Civ.P.  As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court determined that the documents were deficient and directed Plaintiffs to cure certain items if they desired to pursue their claims in this Court in this action.

    First, Plaintiffs were instructed to submit an inmate account statement for each named Plaintiff and to provide authorization for prison officials to calculate and disburse

filing fee payments. Plaintiffs also were directed to submit their complaint, if they are filing a prisoner complaint, on a proper Court-approved form. Plaintiffs further were told that if they are filing this action pursuant to 28 U.S.C. § 2255 they must file their claims in each of their sentencing courts.

Plaintiffs filed inmate account statements as directed, on May 26, 2015, but failed to include a signed authorization statement to calculate and disburse filing fee payments as they were directed to do in the May 9, 2015 Order to Cure. Plaintiffs, also, did not submit a properly completed Court-approved form for filing prisoner complaints. First, the caption of the May 26 Complaint does not list all named plaintiffs and contains claims involving Dr. Arun Sharma, even though he has not signed the Mary 26, 2015 Complaint, and Mr. McAllister contends Dr. Sharma has been transferred to another prison facility and no longer is a named plaintiff in this action. Second, Plaintiffs now are asserting jurisdiction pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and to 28 U.S.C. § 2241.

Plaintiffs may not pursue a prisoner complaint and a habeas application in the same action. "[A] petition under 28 U.S.C. § 2241 attacks the execution of a sentence " *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).

Upon review of the merits of the May 26 pleading, the Court finds that Plaintiffs appear to attack the execution of their sentence with regard to the restitution payments they are being required to make. They assert that the governing statute is 18 U.S.C.

§ 3664 and the Federal Bureau of Prisons (BOP) lacks authority to decide a restitution payment amount to be paid by inmates under the Inmate Financial Responsibility Program (IFRP).

A challenge to the "BOP's authority to set restitution payment terms goes to the execution of [a prisoner's] sentence." *See Dade v. Sanders*, 510 F. App'x 714, 717 n.5 (10th Cir. 2013) (simply because a prisoner does not challenge his actual confinement does not mean that he is not challenging the *execution* of a his sentence); *see also Wallette v. Wilner*, 321 F. App'x 735, 738 (10th Cir. 2009) (challenge to the authority to set restitution goes to the execution of a sentence and is properly raised in a § 2241 action); *Davis v. Wiley*, 260 F. App'x 66, 68 & n.2 (10th Cir. 2008) (authority to establish and set IFRP payment amounts properly challenged in a § 2241 action).

Nonetheless, in the Motion for Issuance of Preliminary Injunction Pursuant to Rule 65, Plaintiffs challenge the violation of their due process rights and the resulting punishment for failing to participate in the IFRP, which involves the conditions of Plaintiffs' confinement. Plaintiffs, therefore, will be directed to once again cure the deficiencies in this action. Until Plaintiffs have determined the basis for this action and have filed either a prisoner complaint or a § 2241 action, the Court will refrain from addressing any joinder issues under Federal Rule of Civil Procedure 20 or the Motion for Issuance of Preliminary Injunction Pursuant to Rule 65. Accordingly, it is

ORDERED that Plaintiffs shall cure the deficiencies designated above **within thirty days from the date of this Order**. It is

FURTHER ORDERED that Plaintiffs shall obtain the proper Court-approved form for filing either an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C.

§ 2241 or a Prisoner Complaint, and the proper Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 used in filing either a § 2241 action or a prisoner complaint, depending on the action they decide to pursue, along with the applicable instructions, at www.cod.uscourts.gov.  Court-approved forms **must** be used to cure deficiencies.  It is

FURTHER ORDERED that if Plaintiffs fail to cure the designated deficiencies noted in this Order **within thirty days from the date of this Order**, the action will be dismissed without further notice.

DATED May 28, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge