IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00984-GPG

ROBERT McALLISTER,
GERALD RISING, JR.,
DR. ARUN SHARMA, and
THOMAS REPKE,

    Plaintiffs,

v.

STANCIL, M.A., BOP FCI Warden,
R. DERR, Florence Camp Unit Manager, and
FEDERAL BUREAU OF PRISONS,

    Defendants.

## ORDER OF DISMISSAL

Plaintiffs are in the custody of the Federal Bureau of Prisons. On May 7, 2015, Plaintiffs initiated this action by submitting to the Court (1) a Complaint filed pursuant to 28 U.S.C. § 2255 and *United States v. Overholt*, 307 F.3d 1231, (10th Cir. 2002); (2) four Prisoner's Motions and Affidavits for Leave to Proceed Pursuant ot 28 U.S.C. § 1915 that include only two pages of the Court-approved form; (3) a separate Motion and Affidavit to Proceed Pursuant to 28 U.S.C. § 1915 that requests to deduct $25 from each Plaintiff's account each month until the $400 filing fee is paid in full, which includes an Authorization for each named Plaintiff that appears to be for the payment from their accounts of the monthly $25 payment; and (4) a Motion for Issuance of a Preliminary Injunction Pursuant to Rule 65 F. R. Civ. P. Magistrate Judge Gordon P. Gallagher reviewed the filings pursuant to D.C.COLO.LCivR 8.1(b), determined that the

documents were deficient, and directed Plaintiffs to cure certain items if they desired to pursue their claims in this Court in this action. Specifically, Magistrate Judge Gallagher directed Plaintiffs as follows:

> In the Complaint, Plaintiffs assert that they are filing this action pursuant to 28 U.S.C. § 2255 and to *United States v. Overholt*, 307 F.3d 1231 (10th Cir. 2002). If Plaintiffs intend to file a § 2255 action and contend that their sentences were imposed in violation of *Overholt*, they must file their claims in each of their sentencing courts.

May 9, 2015 Cure Order, ECF No. 8, at 2. Magistrate Judge Gallagher also noted that Plaintiffs had failed to (1) submit a prisoner trust fund statement that covers the full 6-month period immediately preceding the date this action was initiated; (2) include an authorization for calculating and disbursing payments by prison officials; (3) provide a signed 28 U.S.C. § 1915 motion and affidavit by Plaintiff Arun Sharma; and (4) submit their claims on a proper Court-approved form. Plaintiffs were directed that a **Court-approved form must be used to cure deficiencies**.

In response to the May 9, 2015 Order to Cure Deficiencies, Plaintiff McAllister submitted a pleading titled, "Plaintiff's Response and Compliance with Court's May 9, 2015 Order to Cure Deficiencies" that only he signed. *See* ECF No. 10. Plaintiff McAllister states in the Response that a First Amended Complaint has been submitted to the Court removing Plaintiff Sharma because he has been transferred to the Beaumont Prison Camp in Texas. Plaintiff McAllister also states that Plaintiffs have obtained a certified trust fund statement that covers six months and that the Amended Complaint asserts jurisdiction pursuant to 28 U.S.C. §§ 2241 and 1331 and *Overhold*.

Magistrate Judge Gallagher then entered an order on May 28, 2015, that directed

Plaintiffs once again to cure deficiencies.  The May 28 Order states in part as follows:

> First, Plaintiffs were instructed to submit an inmate account statement for each named Plaintiff and to provide authorization for prison officials to calculate and disburse filing fee payments.  Plaintiffs also were directed to submit their complaint, if they are filing a prisoner complaint, on a proper Court-approved form.  Plaintiffs further were told that if they are filing this action pursuant to 28 U.S.C. § 2255 they must file their claims in each of their sentencing courts.
>
> Plaintiffs filed inmate account statements as directed on May 26, 2015.  Plaintiffs, however, did not submit a properly completed Court-approved form for filing prisoner complaints.  First, the caption of the May 26 Complaint does not list all named plaintiffs and contains claims involving Dr. Arun Sharma, even though he has not signed the May 26, 2015 Complaint, and Mr. McAllister contends he has been transferred to another prison facility and no longer is a named plaintiff in this action.  Second, Plaintiffs now are asserting jurisdiction pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and to 28 U.S.C. § 2241.
>
> Plaintiffs may not pursue a prisoner complaint and a habeas application in the same action.  "[A] petition under 28 U.S.C. § 2241 attacks the execution of a sentence " *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).
>
> Upon review of the merits of the May 26 pleading, the Court finds that Plaintiffs appear to attack the execution of their sentence with regard to the restitution payments they are being required to make.  They assert that the governing statute is 18 U.S.C. § 3664 and the Federal Bureau of Prisons (BOP) lacks authority to decide a restitution payment amount to be paid by inmates under the Inmate Financial Responsibility Program (IFRP).
>
> A challenge to the "BOP's authority to set restitution payment terms goes to the execution of [a prisoner's]

3

> sentence." *See Dade v. Sanders*, 510 F. App'x 714, 717 n.5 (10th Cir. 2013) (simply because a prisoner does not challenge his actual confinement does not mean that he is not challenging the *execution* of a his sentence); *see also Wallette v. Wilner*, 321 F. App'x 735, 738 (10th Cir. 2009) (challenge to the authority to set restitution goes to the execution of a sentence and is properly raised in a § 2241 action); *Davis v. Wiley*, 260 F. App'x 66, 68 & n.2 (10th Cir. 2008) (authority to establish and set IFRP payment amounts properly challenged in a § 2241 action).

May 28, 2015 Ord., ECF No. 15, at 1-3. In the May 28 Order, Magistrate Judge Gallagher also directed Plaintiffs to file either a § 2241 habeas action or a prisoner complaint in this case, but not both. Magistrate Judge Gallagher directed Plaintiffs to submit a proper motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915, which would depend on the type of action they intend to file.

On June 8, 2015, Plaintiff McAllister submitted (1) a Response, ECF No. 19; (2) a 28 U.S.C. § 2241 Court-approved form that only he has signed, ECF No. 18; and (3) a copy of the Amended Complaint that was filed on May 26, 2015, as an attachment to the Court-approved Prisoner Complaint form (only Plaintiff McAllister signed the May 26 Prisoner Complaint Court-approved form), *see* ECF No. 17. The June 8 filings are deficient. All Plaintiffs must sign the Court-approved form. Furthermore, because it appears that Plaintiffs now have elected to pursue their claims pursuant to § 2241 they are required to submit a request to proceed pursuant to 28 U.S.C. § 1915 on a Court-approved form that is used when filing habeas corpus actions, which Plaintiffs have failed to do. The Court has provided Plaintiffs two opportunities to cure the deficiencies in this action, but they have failed to comply in full with both directives. The Court, therefore, will dismiss this action.

The Court further notes that although Rule 20 of the Federal Rules of Civil Procedure authorizes the joinder of parties and claims that present a common question of law or fact, Fed. R. Civ. P. 21 allows the Court on its own, at any time, and on just terms to drop a party.

Rule 20(a) applies and provides as follows:

> (1) Persons may join in one action as plaintiffs if:
>
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Even though Plaintiffs are challenging what appear to be like violations of 18 U.S.C. § 3664, the similarities stop there. The IFRP payments are based on separate transactions, occurrences, or series of transactions or occurrences. Plaintiffs' claims do not arise out of the same transaction or occurrence, nor can it be said that there is a common question of law or fact under these circumstances relating to their individual required payments under the IFRP. Therefore, even if Plaintiffs had properly cured the noted deficiencies in this action, the Court would have dropped two named Plaintiffs under Rule 21.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, in forma pauperis status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiffs file a notice of appeal they must pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for

the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

      ORDERED that the action is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the May 9 and 28, 2015 Orders.  It is

      FURTHER ORDERED that leave to proceed in forma pauperis on appeal is denied.  It is

      FURTHER ORDERED that all pending motions are denied as moot.

      DATED at Denver, Colorado, this  9th  day of     July    , 2015.

                      BY THE COURT:

                        s/Lewis T. Babcock  
                        LEWIS T. BABCOCK, Senior Judge  
                        United States District Court